LOTTINGER, Judge.
Petitioner instituted this suit against defendant to recover benefits under the provisions of an industrial insurance policy. From judgment below in favor of petitioner, the defendant has taken this appeal.
The insurance policy under consideration was dated January 8, 1936, and was issued to Mrs. Heloise E. Templet. It is a burial policy and contains no designated beneficiary. The facts show that, for many years prior to the death of Mrs. Templet, she and the petitioner were friends, and that she had done favors for the petitioner and his family. As a result of this friendship, petitioner cared for Mrs. Templet during her later years and paid premiums on the *395 said’insurance policy in order that she might have a proper funeral upon her death. The facts show that Mrs. Templet had no close relatives who would care for her funeral arrangements.
One of the conditions of the aforementioned policy is as follows:
“In the event death should occur beyond twenty-five miles of the Company’s Official Funeral Directors, full cash benefits will be paid.”
Another of the said conditions is as follows :
“It is understood and agreed between the insured person or persons herein and the company that this policy and premium receipt book may be deposited as security or collateral, for an amount not to exceed the cash benefits ■ as set forth herein, at the time of death, with any person or persons appearing to the company as having incurred burial expense on behalf of the insured person or persons.”
Mrs. Templet died at Schriever, Louisiana, on August 26, 1951, and Mr. Gautreau took care of the funeral arrangements. Subsequent to' the burial of Mrs. Templet, petitioner made demand upon defendant for payments under the cash benefits of the policy in the sum’ of $129. The said demand was rejected by defendant, and this suit resulted. The lower court gave judgment in favor of petitioner in the sum of $129, plus interest and costs, the defendant has appealed.
The defendant contends that the death of Mrs. Templet occurred within a distance of 25 miles of one of its official funeral directors and that, in accordance with .the' terms of the policy, the cash benefits of the policy were not payable in such an event. Their claim is that they had an official funeral director in Thibobaux, which is within twenty-five miles of Schriever. However, the petitioner contends that he had no' knowledge or notice of the said director. The policy itself names L. J. Landry & Son’ of Donaldsonville, Louisiana, as the official funeral director under the policy. Subsequent to issuance of the policy, the named funeral director went out of business, and an agent of the defendant attached a sticker to the premium receipt book naming Ourso Funeral Home of Donaldsonville as the official funeral director.
We feel, as did the lower court, that the plaintiff cannot be' held for lack of knowledge or notice of the funeral director in Thibodaux. He proceeded according to the terms of the policy and the information contained on his receipt book.. The lower court took judicial notice of the fact that the distance between Schriever and Donaldr sonville was greater than 25 miles, and held that, under the terms of the policy, the cash benefit was payable in lieu of .burial. The defendant had ample opportunity to advise petitioner of its agent in Thibodaux as. it had been making collections of premiums from petitioner for some time prior to her death. They now seek to have the court hold petitioner responsible for something which was not in the policy, nor within his knowledge. We, therefore, hold that, under the terms of the policy, the cash benefits are payable in lieu of burial in this case.
The defendant, further contends that the petitioner is not a pledgee under the policy, as a pledge can only be given by written instrument. Article 9 of the policy recites that the policy may be deposited as security or collateral for an amount not to exceed the cash benefits, with any person appearing to the Company as having incurred burial expense on behalf of the insured person. The defendant knew of this deposit as they had collécted premiums on the policy from the petitioner. The' evi-dénce shows that petitioner made arrangements for the burial of Mrs. Templet and pfaid therefor. Under the terms of the policy, petitioner is entitled to the cash benefits, and will be awarded-same.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.